UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN CORPORATION, | } } } |
| Plaintiff, | } } |
| v. | } Case No.: 2:14-CV-262-RDP } |
| CHARLES BROOKS, et al., | } } |
| Defendants. | } |

## MEMORANDUM OPINION

This matter is before the court on Counter-Defendants' Motion to Dismiss Second Amended Counterclaim. (Doc. # 22). The Motion has been fully briefed. (Docs. # 27, 28, and 29). For the reasons discussed below, the court concludes the motion is due to be granted.

**I.   Background**

On or about February 26, 2004, the Defendants/Counter-Plaintiffs, Charles and Gwendolyn Brooks (the "Brookses") financed the purchase of certain property in Jefferson County, Alabama and executed a mortgage in favor of AmSouth Bank. The mortgage was subsequently transferred and assigned to a predecessor corporation to JP Morgan Chase Bank, N.A. (Doc. # 1-1 at 5-7). The Brookses subsequently fell behind on their mortgage payments, and on January 28, 2013, JP Morgan Chase foreclosed on the mortgage. (Doc. # 1-1 at 5-7). At the foreclosure sale, Freddie Mac purchased the Property for $291,160.16. (Doc. # 1-1 at 5-7).

Despite the foreclosure sale, the Brookses refused to vacate the property. Therefore, Freddie Mac filed a Complaint for Ejectment. (Doc. # 1-1 at 3-4). The Brookses responded with

a Counterclaim, which they have amended twice, most recently on March 26, 2014 (the "Second Amended Counterclaim Complaint" or "SAC").[1]

## II.  Standard of Review

In most instances, the Federal Rules of Civil Procedure require only that a complaint (or counterclaim) provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Nevertheless, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.  To be plausible on its face, the claim must contain enough facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The court must construe pleadings broadly and resolve inferences in a plaintiff's favor. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006). However, the court need not accept inferences that are unsupported by the facts asserted in the complaint. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). Ultimately, the well-pleaded complaint must present a reasonable inference from the facts it alleges that show a defendant is liable. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012).

---

[1] The court notes that Defendant/Counter-Plaintiff Charles Brooks is an attorney.

To survive Counter-Defendants' Motion, the allegations of Plaintiffs' second amended counterclaim must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1949.

### III.   Analysis

The Brookses' Second Amended Counterclaim Complaint contains three claims: (1) Breach of Contract, (2) Fraud and Promissory Fraud, and (3) Misrepresentation, Negligence and Suppression. (Doc. # 16).

#### A.   The Brookses' SAC is a "Shotgun" Pleading

As an initial matter, the court notes that the SAC is the Brookses' third attempt to state their counterclaims. Despite two revisions, the SAC remains a "shotgun" style pleading which has been "repeatedly condemned" by the Eleventh Circuit. *See PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). The Eleventh Circuit has stated that such pleadings "wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharma. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)

"Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). As a result, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and which claims are asserted against which Defendants. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that multiple claims should be presented separately in adherence to Federal Rule of Civil Procedure 10(b)).

Each claim in the SAC incorporates by reference all preceding paragraphs. Moreover, the second and third claims each assert more than one cause of action. Because after two revisions the SAC remains a shotgun pleading, for this reason alone, the SAC is due to be dismissed.

### B. The Brookses' Breach of Contract Counterclaim Fails to State a Claim

The Brookses allege that Defendant Freddie Mac entered into a contractual relationship *with service providers* including JP Morgan Chase and that Herbert Allison gave certain congressional testimony related to HAMP. (Doc. # 16 at 4). Based on these allegations, the Brookses allege that Freddie Mac was contractually bound not to interfere with any loan modification application, but in this case breached this duty. (Doc. # 16 at 4).

#### 1. There is No Private Right of Action under HAMP

To the extent the Brookses allege that any duty (contractual or otherwise) arose under HAMP, they have failed to state a claim. The Eleventh Circuit has held that there is no private cause of action under HAMP. *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012); *Nelson v. Bank of America, N.A.*, 446 Fed. Appx. 158 (11th Cir. 2011).

#### 2. The Brookses Have Failed to Allege the Elements of a Contract

In addition to failing to state a claim under HAMP, the Brookses also have failed to properly state a contract claim. "The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Financial Corp.*, 29 So.3d 872, 880 (Ala. 2009) (quoting *Reynolds Metals Co. v. Hill*, 825 So.2d 100, 105 (Ala. 2002)). The elements of a valid contract include: "an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." *Shaffer*, 29

4

So.3d at 880 (internal quotations omitted but quoting *Ex parte Grant*, 711 So.2d 464, 465 (Ala. 1997) (in turn quoting *Strength v. Alabama Dep't of Fin., Div. of Risk Mgmt.*, 622 So.2d 1283, 1289 (Ala. 1993))).

The Brookses do not even allege the existence of a contract to which they were party. They vaguely imply the existence of some sort of loan modification agreement, but a breach of such an agreement would be barred by the Alabama Statute of Frauds, which provides that an "agreement or commitment to lend money, delay or forbear repayment thereof or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000" must be evidenced by a writing or it is void. Ala.Code. § 8-9-2(7); *see Coleman v. BAC Servicing*, 104 So.3d 195, 206 (Ala.Civ.App. 2012) (alleged oral misrepresentation that foreclosure would not take place violated the statute of frauds); *Mortensen v. MERS*, 2010 WL 5376332, at *6 (S.D. Ala. 2010) (finding that an alleged agreement to modify a mortgage loan must comply with the Statute of Frauds). The Brookses have not alleged the existence of any such writing. Therefore, the Brookses' breach of contract counterclaim is due to be dismissed.

    **C.**    **The Fraud and Promissory Fraud Counterclaim Fails to State a Claim**

In most cases, a complaint adequately states a claim of relief by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Complaints (as well as counterclaims) that allege fraud, however, are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that the circumstances constituting fraud be plead with particularity. Fed.R.Civ.P. 9(b). Alleging fraud with particularity requires that the plaintiff set forth "'(1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of

5

each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)); *see also Cooper v. Blue Cross and Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994) ("Federal Rule of Civil Procedure 9(b) requires that fraud be pleaded with specificity. The plaintiff's complaint must allege the details of the [defendant's] allegedly fraudulent acts, when they occurred, and who engaged in them."). Therefore, regardless of its type, fraud claims must be supported by more than generalized allegations that the defendant acted fraudulently.

Here, importantly, the Brookses have failed to allege *any* representations or misrepresentations by Defendants. Instead, the Brookses have merely repackaged their breach of contract claim and asserted it as a fraud claim. (Doc. # 16 at 5) ("Freddie Mac entered into a contract with all service providers and mortgagors titled HAMP"; "JP Morgan Chase and counter-claim plaintiffs entered into an agreement"). The Brookses appear to ask the court to infer that Defendants acted fraudulently merely because their loan modification efforts were unsuccessful, but that, quite simply, is an insufficient basis on which to state a fraud claim. *Goodyear Tire & Rubber Co. v. Washington*, 719 So.2d 774, 776 (Ala. 1998) ("The plaintiff cannot meet his burden merely by showing that the alleged promise ultimately was not kept; otherwise, any breach of contract would constitute a fraud."). Simply put, the SAC contains not

one allegation that Defendants acted fraudulently. Therefore, the Brookses' Fraud and Promissory Fraud counterclaim is due to be dismissed.

### D.     The Misrepresentation, Negligence and Suppression Claim Fails to State a Claim.

Misrepresentation and suppression are also types of fraud which must be pled with particularity. Therefore, the Brookses were required by Rule 9(b) to plead the how, when, and by whom of the alleged misrepresentations and omissions. *See Ziemba*, 256 F.3d at 1202. As to misrepresentation or suppression, their counterclaim merely alleges as follows: "The counterclaim defendant, Federal Home Loan Mortgage through an act of commission or omission prevented the defendant from receiving the true deadline for the completion of the HAMP program to the pecuniary benefit of Federal Home Loan Mortgage and to the harm of defendant." (Doc. # 16 at 5-6). These allegations have absolutely no factual content. *Iqbal*, 129 S.Ct. at 1949. They are nothing more than "a formulaic recitation of the elements of a cause of action" which do not meet Rule 8 standards, much less Rule 9's requirements. *Twombly*, 550 U.S. at 555, 557.

As to the negligence element of this claim, and related to the suppression element, the Brookses allege "Freddie Mac had a duty to act within the confines of the contractual agreement and Allison's congressional testimony." (Doc. # 16 at 6). The alleged breach of that duty was a failure to inform the Brookses of "cutoff deadlines." (Doc. # 16 at 6). These allegations fail to plead the existence of a duty to disclose upon which a suppression claim might arise with the particularity required by Rule 9. Moreover, "[t}he elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So.2d 665, 679 (Ala. 2001). Although Plaintiffs generally allege the existence of some

amorphous duty, they do not properly allege the existence of the particular duty they claim was breached, *i.e.*, the duty to inform of the "cutoff deadlines." (Doc. # 16 at 6).

Moreover, the allegations specify that the origination of the claimed duty is "the contractual agreement." (Doc. # 16 at 6). Thus, the alleged breach of the duty forming the basis of these tort claims is an alleged breach of an alleged contract. Alabama law does not recognize tort liability from the mere failure to perform on a contract. *See, e.g., Blake v. Bank of Am.*, 845 F.Supp.2d 1206, 1210 (M.D. Ala. 2012) (quoting *Vines v. Crescent Transit Co.*, 85 So.2d 436, 440 (Ala. 1956) ("a negligent failure to perform a contract ... is but a breach of the contract"); *see also Barber v. Bus. Prods. Ctr., Inc.*, 677 So.2d 223, 228 (Ala. 1996)) ("However, a mere failure to perform a contractual obligation is not a tort."), *overruled on other grounds by White Sands Grp., LLC v. PRS II, LLC*, 32 So.3d 5 (Ala. 2009). And, as discussed above, the Brookses cannot assert a contract claim based on this alleged breach because there is no allegation that they were a party to any such alleged contact (other than the mortgage and note on which they defaulted).

To the extent that the Brookses assert that the duty alleged to have been breached in this claim arose under HAMP, such a claim is due to be dismissed because, as discussed above, HAMP does not create a private right of action. *Miller*, 677 F.3d at 1116.

### E. The Brookses Have Not Alleged Any Wrongful Conduct by JP Morgan Chase

The Brookses have conceded that "J P Morgan Chase Bank N.A. acted consistently with all laws and duties as much as counterclaim plaintiffs' are aware." (Doc. # 8 at 1-2). Therefore, their counterclaims against JP Morgan Chase are due to be dismissed for this additional reason.

## IV.    Conclusion

For the foregoing reasons, Counter-Defendants' Motion to Dismiss Second Amended Counterclaim (Doc. # 22) is due to be granted.

Furthermore, Counterclaim Plaintiffs' Second Amended Counterclaim is due to be dismissed with prejudice. The court notes that the Brookses had and took a second opportunity to amend their counterclaim *after* Defendants had filed previous motions to dismiss and for judgment on the pleadings. The counterclaims had already been amended once while this matter was pending in state court. (*See* Doc. # 14). The Brookses have not sought leave to further amend their Second Amended Counterclaim in light of the instant Motion. The court is not obligated to provide a claimant endless bites at the proverbial apple. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (Upon dismissal pursuant to Rule 12(b) (6), [a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who [in this case is an attorney], never filed a motion to amend nor requested leave to amend before the district court."). Moreover, their pleadings to this point show that any further amendment to the counterclaim would be futile.

A separate order will be entered.

**DONE** and **ORDERED** this October 23, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE