UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FEDERAL HOME LOAN CORPORATION,** | } } } |
| **Plaintiff,** | } } |
| v. | } Case No.: 2:14-CV-262-RDP } |
| **CHARLES BROOKS, et al.,** | } } |
| **Defendants.** | } |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion for Summary Judgment. (Doc. # 37). The Motion has been fully briefed. (Docs. # 58 and 59).

**I.     Background**

On or about February 26, 2004, the Defendants, Charles and Gwendolyn Brooks (the "Brookses") financed the purchase of certain property in Jefferson County, Alabama, 426 Delcris Drive, Birmingham, Alabama 35226, and executed a mortgage in favor of AmSouth Bank. (Doc. # 37-1 at 2-22).  The mortgage was subsequently transferred and assigned to a predecessor corporation to JP Morgan Chase Bank, N.A.  (Doc. # 37-1 at 24).

The Brookses subsequently fell behind on their mortgage payments. (Doc. # 37-1). The last payment made by the Brookses was on or about December 13, 2010. (Doc. # 37-1 at 4). On January 28, 2013, JP Morgan Chase foreclosed on the mortgage. (Doc. # 37-1 at 2-22). At the foreclosure sale, Freddie Mac purchased the Property for $291,160.16. (Doc. # 1-1 at 5-7; Doc. # 37-1 at 158-61).

Despite the foreclosure sale, the Brookses refused to vacate the property. Therefore, Freddie Mac filed a Complaint for Ejectment. (Doc. # 1-1 at 3-4). The Brookses responded with a Counterclaim (which they were allowed to amend twice). On October 23, 2014, the court dismissed the Brookses' counterclaims. (Doc. # 33). Therefore, the remaining claim in this case is Freddie Mac's claim for ejectment against the Brookses. (Doc. # 33).

**II.     Standard of Review**

Under Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the Rule requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing that there is a genuine issue for trial. *See id*. at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Southwest Airlines Co.*, 243 F. Supp.2d 1257, 1262 (D.Kan. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so onesided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp.2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp.2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear … that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

**III.    Analysis**

The essential elements for an ejectment action are that plaintiff "has both legal title to the property when his complaint is filed and a right to immediate possession." *Muller v. Seeds*, 919 So.2d 1174, 1177 (Ala. 2005) (citations omitted), *overruled on other grounds by Steele v. Fed. Nat. Mortg. Ass'n*, 69 So.3d 89 (Ala. 2010). "Further, if the mortgage and foreclosure deed ... are

produced, as well as proof of both demand for and refusal to deliver possession, then all the necessary elements of ejectment are established." *Id.* (omission in original) (citation omitted).

Plaintiff has presented the original note and mortgage (Doc. # 37-4), evidence of default (Doc. # 37-1), a foreclosure deed evidencing legal title to the property (Doc. # 37-4), evidence of a demand for possession (Doc. # 37-2 at 44-46), and undisputed evidence that the Brookses have refused to deliver possession. Therefore, under Ala.Code § 6–6–280, Freddie Mac has presented undisputed Rule 56 evidence establishing that it is entitled to judgment against the Brookses for possession of the subject property.

Moreover, the Brookses have failed to present evidence of any viable affirmative defense. Despite the fact that this is an ejectment action, the Brookses still apparently seek to challenge the underlying foreclosure. (Doc. # 58).

> The court has already set forth what evidence is relevant in the foreclosure context:
>
> In a direct attack on a foreclosure—that is, an action seeking declaratory and injunctive relief to halt the foreclosure sale before it occurs see, *e.g., Ferguson v. Commercial Bank*, 578 So.2d 1234 (Ala.1991); *Bank of Red Bay v. King*, 482 So.2d 274 (Ala.1985); and *Woods v. SunTrust Bank*, 81 So.3d 357 (Ala.Civ.App.2011), or an action to set aside the sale after it has occurred, *see, e.g., Beal Bank, SSB v. Schilleci*, 896 So.2d 395 (Ala.2004); *Kelly v. Carmichael*, 217 Ala. 534, 536, 117 So. 67, 69 (1928); and *Browning v. Palmer*, 4 So.3d 524 (Ala.Civ.App.2008)—any circumstance in the foreclosure process that would render the foreclosure sale void or voidable may be asserted. In a proceeding involving a collateral attack on a foreclosure, however, only those circumstances that would render the foreclosure sale void may be raised as an affirmative defense.

(Doc. # 57 at 3) (quoting *Campbell v. Bank of America, N.A.*, 141 So.3d 492, 494 (Ala.Civ.App. 2012)). Obviously, this case is not a direct attack on the foreclosure. Rather, in this ejectment action, the Brookses continue to seek to collaterally attack the underlying foreclosure sale. In a collateral attack on a foreclosure sale, only circumstances that "would render the foreclosure sale void" are relevant. *Campbell*, 141 So.3d at 494.

> There are limited circumstances which would render a foreclosure sale void:
>
> > In Alabama, the following circumstances may render a foreclosure sale void: (1) when the foreclosing entity does not have the legal right to exercise the power of sale, as, for example, when that entity is neither the assignee of the mortgage, *Sturdivant v. BAC Home Loans Servicing, LP,* [Ms. 2100245, December 16, 2011] –– So.3d –– (Ala.Civ.App. 2011), nor the holder of the promissory note, *Perry v. Federal Nat'l Mortg. Ass'n* 100 So.3d 1090 (Ala.Civ.App. 2012), at the time it commences the foreclosure proceedings; (2) when "the debt secured by the mortgage was fully paid prior to foreclosure," *Lee v. Gaines*, 244 Ala. 664, 666, 15 So.2d 330, 331 (1943); (3) when the foreclosing entity failed to give notice of the time and place of the foreclosure sale, *Sanders v. Askew*, 79 Ala. 433 (1885), *but see Kelley Realty Co. v. McDavid*, 211 Ala. 575, 577, 100 So. 872, 873–74 (1924) (stating that "a distinction must be made between cases where there is no sort of compliance with the requirement of advertisement or other notice of the sale, and cases where there is actually given some notice of the nature required, sufficient to give public information of the pendency and date of the sale, though it be ever so defective or incomplete," and that "[i]n the latter class of cases the foreclosure sale will not be void, but voidable only to the election of the mortgagor, properly and seasonably asserted"); and (4) when the purchase price paid is " 'so inadequate as to shock the conscience, it may itself raise a presumption of fraud, trickery, unfairness, or culpable mismanagement, and therefore be sufficient ground for setting the sale aside,'" *Hayden v. Smith*, 216 Ala. 428, 430, 113 So. 293, 295 (1927).

*Campbell*, 141 So.3d at 495.

The Brookses have presented no evidence that JP Morgan Chase, the foreclosing entity, lacked the power of sale. Nor have they presented any evidence that the debt securing their mortgage was fully paid. They have presented no evidence that there was a failure to provide proper notice of the foreclosure sale. Finally, they have not presented any evidence that the purchase price was inadequate in any way. Therefore, in the face of Plaintiff's summary judgment papers, the Brookses have presented no evidence which would render the foreclosure sale void. *Campbell*, 141 So.3d at 495.

The Brookses do not dispute that they fell behind on their mortgage payments. Nor do they dispute that, at the foreclosure sale, Freddie Mac properly purchased the property. Yet they still have refused to vacate the property. The Brookses' response to Freddie Mac's Motion for

Summary Judgment merely rehashes the unsuccessful arguments they previously made in support of their counterclaims that the court has already dismissed. (Docs. # 33, 58). They continue to argue that Freddie Mac acted in contravention to its testimony before Congress. (Doc. # 58). However, they have presented no legal authority establishing that a mortgagee's actions in contravention of Congressional testimony renders a foreclosure sale void.[1]

IV.  **Conclusion**

Simply put, the undisputed facts establish all the elements of Freddie Mac's ejectment action. No evidence has been presented which would in any manner call into question the underlying foreclosure sale, and there is nothing to suggest that it was void. Therefore, Freddie Mac is entitled to judgment as a matter of law on its ejectment claim against the Brookses, the sole remaining claim in the case.

A separate order will be entered.

**DONE** and **ORDERED** this July 7, 2015.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[1] It is important to note that Plaintiff Freddie Mac was not the foreclosing entity. It was merely the purchaser at the foreclosure sale. And even if there was a failure to comply with congressional testimony or any loss-mitigation procedures, that does not constitute a valid defense to an ejectment action following a nonjudicial foreclosure. Coleman v. BAC Servicing, 104 So.3d 195, 206 (Ala.Civ.App. 2012).